**James BYRD, Individually and on behalf of all others similarly situated, Appellants,**

v.

**Joseph VITEK, Robert Parratt, and Albert Nance, Appellees.**

No. 82–1425.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 27, 1982.

Decided Oct. 1, 1982.

Marti, Dalton, Bruckner, O'Gara & Keating, P. C., Gary J. Nedved, Lincoln, Neb., for appellants.

Paul L. Douglas, Atty. Gen., J. Kirk Brown, Asst. Atty. Gen., Lincoln, Neb., for Joseph Vitek, et al., appellees.

Before ARNOLD, Circuit Judge, STEPHENSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Plaintiff James Byrd, an inmate at the Nebraska State Penitentiary (NSP), brought this class action under 42 U.S.C. § 1983 for declaratory and injunctive relief against the administrators of the Prison.

---

Plaintiff claimed that the lack of work opportunities available to NSP inmates violated the Eighth Amendment's prohibition of cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment. The case was tried without a jury, and at the close of plaintiff's case in chief, the District Court[1] granted defendants' motion for involuntary dismissal under Fed.R.Civ.P. 41(b). For reasons stated orally from the bench, the Court found that plaintiff had shown no right to relief. Plaintiff appeals, alleging that the evidence adduced at trial was sufficient to withstand the motion for involuntary dismissal.

We affirm. It may well be good penology for state prisons to provide rehabilitative programs, including jobs, for inmates. In addition, the lack of such programs and the resulting idleness among the inmate population may, in the context of other conditions and practices, create an overall atmosphere that actually militates against reform and rehabilitation. See *Finney v. Arkansas Board of Correction,* 505 F.2d 194, 209 (8th Cir. 1974); *Holt v. Sarver,* 309 F.Supp. 362, 379 (E.D.Ark.1970), *aff'd,* 442 F.2d 304 (8th Cir. 1971). But no violation of the Constitution was made out on this record.

While the evidence was undisputed that NSP officials were not meeting their goals of having all NSP prisoners gainfully employed for a full eight-hour work day, officials testified that this lack of jobs and programs did not lead to an inability to maintain safety, order, and discipline in the prison. Furthermore, testimony by NSP residents that the lack of anything to do led to gambling, violence, drug use, and homosexual behavior was substantially weakened by testimony that the same problems existed among those who were employed.[2] We

have carefully examined the transcript of testimony in the District Court, and we are convinced that that Court did not err in finding that plaintiff had not borne his burden of showing that conditions in the NSP had sunk to such a level as to violate the Eighth Amendment.

The judgment is affirmed.

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. In considering a motion to dismiss pursuant to Rule 41(b), the trial court must "weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies." 9 Wright & Miller, *Federal Practice and Procedure* § 2371, at 224 ·25 (1971). The rule itself provides that when a motion is made for involuntary dismissal at the close of the plaintiff's

evidence, "[t]he court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." According to the notes of the Advisory Committee on Rules, "the judge is the trier of the facts in such a situation," and "the judge in deciding such a motion in a non-jury case may pass on conflicts of evidence and credibility . . . ."