**Bobby Joseph RICHARDSON, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION and Joseph S. Petrovsky, Warden, Appellees.**

No. 83–1438.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1983.

Decided March 13, 1984.

Robert G. Ulrich, U.S. Atty., Danid C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees; Michael Stover, Atty., U.S. Parole Com'n, Chevy Chase, Md., of counsel.

Edward B. Rucker, Kansas City, Mo., for appellant.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Petitioner appeals from the district court's dismissal of his writ of habeas corpus. He claims that the application to him of parole regulations adopted after he committed his offenses violated the Ex Post

Facto Clause of the Constitution. The district court found this claim to be without merit. We affirm.

Appellant Bobby Joseph Richardson is serving concurrent sentences for two bank robbery convictions. One sentence is for ten years and was imposed March 25, 1977 by the U.S. District Court for the Eastern District of New York; the second is a fifteen-year sentence imposed July 15, 1977 by the U.S. District Court for the Eastern District of North Carolina. The New York bank robbery occurred on August 26, 1976 and the North Carolina bank robbery occurred on December 8, 1976. Both offenses were committed while the 1976 severity ratings and guidelines of the United States Parole Commission (the Commission) were in effect. The Commission revised these guidelines in 1980, as permitted by statute. *See* 18 U.S.C. § 4203.

Richardson's initial parole hearing was held on April 1, 1980. The Commission, using the 1980 guidelines instead of the 1976 guidelines that were in effect at the time of his offense, rated his criminal behavior at "Greatest II" severity, because he had either been convicted of or admitted participation in six bank robberies. *See* 28 C.F.R. § 2.20 (1980). The initial parole determination in Richardson's case, made on June 2, 1980, set a presumptive parole date of March 1, 1984, which required a total of 87 months in custody. This determination called for less than the minimum of 100 months of incarceration recommended by the Commission's 1980 guidelines for prisoners with Richardson's record. The Commission's leniency was based on Richardson's favorable institutional adjustment and educational progress while incarcerated, including his relatively clean behavior record, completion of his General Education Diploma certificate, participation in a drug abuse program, and his positive response to efforts at rehabilitation.

Richardson pursued an administrative appeal from the initial parole determination. That appeal resulted in an administrative decision, issued during the pendency of this action before the district court, affirming the initial parole determination.

■ If we are to reach the Constitutional issue that Richardson raises, he first must show that he would have received a more favorable parole determination under the 1976 guidelines than he received under the 1980 guidelines. He has failed, however, to do so. Under the 1976 guidelines, appellant's salient factor score would have been two (the same as under the 1980 guidelines). As a prisoner with six bank robberies, appellant almost certainly would have been placed in the "greatest" severity category. This would have been true even though a single robbery was rated in the "very high" category (the next lower category from "greatest"), because the guidelines permit an increased severity rating for a prisoner with multiple separate offenses. *See* 28 C.F.R. § 2.20 general note D. Under the "greatest" severity category, Richardson's recommended period of incarceration would have been 72 or more months. This category had no specific upper limit, but the guidelines did state that the period should be "greater than above—however, specific ranges are not given due to the limited number of cases and the extreme variation in severity possible within the category." 28 C.F.R. § 2.20 (1976).

The 1980 guidelines place appellant in the newly-formed "Greatest II" category, which carries a presumptive parole date requiring 100 or more months of incarceration. The Commission exercised its discretion to set a parole date requiring 87 months of incarceration, which was 13 months less than that recommended by the guidelines. Thus, the result reached under the 1980 guidelines was not only fully possible under the 1976 guidelines, which recommended a *minimum* of 72 months, but illustrates that the Commission still retains discretion to go outside the guidelines and give individual treatment to prospective parolees.

■ Richardson now denies his participation, which he previously admitted, in four of the six bank robberies considered by the Commission in reaching its decision. This

denial raises a question of credibility that already has been determined by the Commission. It is not the duty of the district court to reassess the credibility of the information used by the Commission in reaching its decision. *Brest v. Ciccone,* 371 F.2d 981, 982–3 (8th Cir.1967).

Aside from his denial of participation in the additional four bank robberies, Richardson's pleadings in this case present only conclusory, unsupported assertions that the 1976 guidelines would have resulted in more favorable treatment in his case. As this was the only basis for Richardson's challenge to the Commission's decision, the district court did not err in dismissing his petition.[1] The order of the district court is affirmed.

---

**1.** We note that the Ex Post Facto Clause issue raised by the appellant in this case is one of first impression in this Circuit, *see Hayward v. U.S. Parole Commission,* 659 F.2d 857 (8th Cir.1981), and one that has not been decided by the Supreme Court. *See Geraghty v. United States,* 445 U.S. 388, 390 n. 1, 100 S.Ct. 1202, 1205 n. 1, 63 L.Ed.2d 479 (1979). Our disposition of this case makes it unnecessary to reach the issue whether claims of the kind raised by Richardson are cognizable under the Ex Post Facto Clause upon a showing of prejudice resulting from application of the later guidelines, and we take no position on that issue here.