756 F.2d 675
 Joseph Patrick RUSH, Appellant,
v.
Joseph S. PETROVSKY, Warden, United States Medical Center
for Prisoners and United States Parole Commission,
Appellees.
Joseph Patrick RUSH, Appellant,
v.
UNITED STATES PAROLE COMMISSION and Joseph S. Petrovsky,
Warden, United States Medical Center for
Prisoners, Appellees.
 No. 84-2588.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 21, 1985.
Decided March 11, 1985.
 
 No brief for appellant.
 No brief for appellee.
 Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Patrick Rush appeals from a final order entered in the District Court[1] for the Western District of Missouri dismissing without prejudice his petitions for writ of habeas corpus. Rush v. Petrovsky, Nos. 83-3695-CV-S-WRC, 83-3699-CV-SWRC-R (W.D.Mo. Nov. 16, 1984) (order). For reversal appellant argues that the United States Parole Commission's use of the 1983 Guidelines to determine his tentative parole date violated the ex post facto clause of the Constitution. For the reasons discussed below, we summarily affirm the order of the district court. We also deny the motion for appointment of counsel on appeal.
 
 
 2
 Appellant filed two petitions for writ of habeas corpus which raised similar issues and were consolidated in the district court. Appellant claimed that the United States Parole Commission incorrectly calculated his tentative parole date using the 1983 Guidelines instead of the 1982 Guidelines. The district court referred the petitions to a magistrate. The magistrate recommended that the petitions be dismissed without prejudice and that appellant's motion for leave to proceed in forma pauperis be denied because the claims were frivolous. The district court accepted the recommendation of the magistrate. This appeal followed.
 
 
 3
 This court denied appellant's motion for leave to proceed in forma pauperis and ordered appellant to show cause within 15 days why the appeal should not be dismissed as without merit. Appellant also filed a motion for appointment of counsel on appeal. Appellant has filed his response to the show cause order. We have carefully reviewed the record in this appeal, including appellant's response.
 
 
 4
 Appellant argues that the Parole Commission's use of the 1983 Guidelines instead of the 1982 Guidelines to determine his tentative parole date violated the ex post facto clause. Appellant argues that application of the 1983 Guidelines, which were adopted and effective after he committed the offense in question, resulted in a later tentative parole date than that under the 1982 Guidelines. The district court carefully examined this claim and concluded that even if the 1982 Guidelines had been applied, appellant's tentative parole date (36-48 month range) would not have been more favorable than that determined under the 1983 Guidelines (40-47 month range).[2] Appellant therefore failed to show that he would have received a more favorable parole determination under the 1982 Guidelines than under the 1983 Guidelines. See Richardson v. United States Parole Commission, 729 F.2d 1154, 1155-56 & n. 1 (8th Cir.1984) (per curiam).
 
 
 5
 Accordingly, the order of the district court is affirmed and the motion for appointment of counsel is denied.
 
 
 
 [1]
 The Honorable William R. Collinson, United States Senior District Judge for the Eastern and Western Districts of Missouri
 
 
 [2]
 From the record it appears that in 1974 appellant was sentenced to a term of 5 years imprisonment for drug and weapons offenses. Then in 1977 appellant was sentenced to a term of 1 year plus 1 day and a 3 year special parole term for importing cocaine. Appellant was released on parole in 1979. Then in 1982 appellant was sentenced to a term of 2 years for possession of firearms by a convicted felon and a consecutive term of 3 1/2 years for making false statements on a passport application. Also in 1982 appellant was sentenced in Florida to a term of 8 years for armed robbery, to be served consecutively to the prior sentences. At appellant's initial parole hearing in August 1983 the Parole Commission applied the 1983 Guidelines and rated appellant's offense severity as Category 6 and his salient factor score as 6 and determined that appellant should serve 52-64 months, with mandatory release after 40-47 months. If appellant's firearms offense were considered a Very High category offense due to the nature of the weapon (machine gun), and the multiple offenses and the immigration offense were also considered, appellant could have received a recommendation of 36-48 months under the 1982 Guidelines