Russell **MAGGARD**, Petitioner,

v.

Dick **MOORE**, Respondent.

No. 83–1313–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

June 27, 1985.

Ray Conrad, Kansas City, Mo., for petitioner.

George Cox, Jefferson City, Mo., for respondent.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is petitioner's pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that his Fifth and Fourteenth Amendment due process rights were violated when he was denied access to his parole files and denied parole. Respondent argues that the Missouri Board of Probation and Parole [Board], under Mo.Rev.Stat. § 217.690 (Supp.1983), acts with absolute discretion in parole determinations, and that the Board's decisions are not reviewable [except for procedural challenges, § 217.670.3 (Supp. 1983)]. Petitioner claims, however, that his parole eligibility must be considered under § 549.261, which preceded § 217.690 and was in effect at the time of his sentencing, and that not to do so is a violation of the *ex post facto* clause in Article 1, § 10, cl. 1, of the United States Constitution. Following the initial pleadings, the Court appointed the federal public defender to assist petitioner with his cause of action.

Unlike the new parole eligibility statute, the former statute was held to afford "a protected liberty interest, rooted in state law, in parole release" to inmates of Missouri penal institutions. *Williams v. Missouri Board of Probation and Parole*, 661 F.2d 697, 698 (8th Cir.1981). Section 549.261 provided that:

> When in its opinion there is a reasonable probability that the prisoner can be released without detriment to the community or to himself, the board *shall* release on parole any person confined in any correctional institution administered by state authorities.

(emphasis added). Thus, *if* the statutory criteria were satisfied (if the Board determined that release would not be detrimental to the prisoner or to the public), the inmate had a recognizable right to parole. The new statute, § 217.690, contains essentially the same criteria. Under the new statute, however, the Board, even if satisfied that the inmate can be released without detriment to himself or the community, *"may in its discretion* release or parole such person." This language creates only a possibility of parole once the statutory criteria are satisfied, and therefore the inmate's interest in parole does not rise to that level entitled to due process protection under the Fourteenth Amendment. *Green-*

*holtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979).

Respondent has submitted numerous arguments as to why the writ of habeas corpus should not be issued: (1) that petitioner was a member of the class in *Williams,* 661 F.2d at 697, and is barred by the adverse result to the plaintiff class in that case from relitigating issues relating to the old parole statute; (2) that the Court should apply "issue preclusion" to prevent needless relitigation, and find that petitioner had filed a successive petition, warranting dismissal under 28 U.S.C. § 2254, Rule 9; (3) that the parole system is not a part of the prison term so as to be subject to the *ex post facto* clause; and (4) that there has been no showing of an increase in punishment. The Court agrees with respondent's last argument, when considered in conjunction with the decision in *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), but feels some comment is appropriate in rejecting respondent's other arguments.

■ It is clear that petitioner's habeas action is the proper remedy in this situation, where the end result sought is a release from confinement. *Smallwood v. Missouri Board of Probation and Parole,* 587 F.2d 369 (8th Cir.1978) (Petitioner sought reconsideration of respondent's decision denying parole.). In *Williams, supra,* and several other cases cited by respondent, the causes of action were brought pursuant to 42 U.S.C. § 1983, not as habeas actions. Principles of res judicata may apply to a subsequent § 1983 action brought after the conclusion of an unsuccessful § 1983 action, but not to a *habeas* proceeding. *Burnside v. White,* 760 F.2d 217 (8th Cir.1985) [citing *Heirens v. Mizell,* 729 F.2d 449 (7th Cir.1984)]. Similarly, a court is warranted in dismissing a successive habeas petition under Rule 9 of 28 U.S.C. § 2254. In the instant case, however, petitioner filed a *habeas* petition after receiving an adverse judgment as a class member in a *§ 1983* action. Res judicata is inapplicable, and there is no successive habeas petition. Moreover, the plaintiffs in *Williams* did not raise the *ex post facto* argument, which is a major issue in petitioner's claim for relief. Accordingly, the Court will not construe this action as a successive habeas petition, nor will it apply "issue preclusion" or any other form of res judicata to deny petitioner's habeas action.

■ The Court also finds no merit in respondent's argument that parole determinations cannot be subject to the *ex post facto* clause because the "parole system" is not part of the prison term. Parole eligibility does constitute part of the punishment, and a retroactive change in eligibility to the prisoner's disadvantage could, under certain circumstances, violate the *ex post facto* clause. *Breest v. Helgemoe,* 579 F.2d 95, 102 (1st Cir.), *cert. denied,* 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978). The Eighth Circuit has recognized the possibility of unconstitutionality through the use of *ex post facto* parole guidelines. *See, e.g., Rush v. Petrovsky,* 756 F.2d 675 (8th Cir. 1985); *Richardson v. United States Parole Commission,* 729 F.2d 1154 (8th Cir.1984); *United States v. Miller,* 599 F.2d 249 (8th Cir.1979).

■ The Court's denial of petitioner's petition for writ of habeas corpus in this case stems not from the above considerations, but from his failure to satisfy both elements required to prove an *ex post facto* violation under *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). In *Weaver,* the Supreme Court stated the test as follows:

> [T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.

450 U.S. at 29, 101 S.Ct. at 964 (footnotes omitted). Following the *Weaver* test and the reasoning of *Burnside, supra,* the Court must conclude that petitioner has failed to satisfy the second prong of the test. Although the new parole statute is clearly retrospective as applied to petitioner, an examination of the Board's reasons

for denying parole in his case shows that petitioner was not disadvantaged under the new statute. Similar to the facts in *Burnside*, the reasons given for parole denial were:

> Because of your having plead [sic] guilty to an offense in which you and your accomplices while attempting to rob a service station in Greene County, Missouri, killed a deputy sheriff during the course of the robbery; release at this time would depreciate the seriousness of the offense committed or promote disrespect of the law.

The Eighth Circuit specifically found that the "seriousness of the offense" was an acceptable reason for denying parole under either statute, § 549.261 or § 217.690. Accordingly, as petitioner would not have been released under the old statute, it follows that the application of the new statute in his case did not operate to his disadvantage and did not violate the *ex post facto* clause under the *Weaver* test. *Burnside*, at 222. The Eighth Circuit referred to a hypothetical situation in which the new statute would violate the *ex post facto* clause but, as was the case in *Burnside*, that situation is not before the Court.

█ Because of the reasons given by the Board in denying parole, and because petitioner is unable to show that § 217.690 violates the *ex post facto* clause in this situation, the Court finds no basis to grant petitioner's request for access to his parole file (or, "all records that the Board uses in determining my parole eligibility/criteria for release"—Petition at 2). In petitioner's case, the Board determined that "the seriousness of the offense" warranted further confinement. Under either the old or the new statute, this determination is a sufficient statement by the Board that the statutory criteria are not satisfied, without which the petitioner cannot show his entitlement to a liberty interest in parole even under the old statute, § 549.261. Accordingly, petitioner, having no liberty interest under these circumstances, has no right to examine his parole file. *See, e.g., Williams*, 661 F.2d at 699; Report and Recommendation of the United States Magistrate in *Williams*, at 4; *Greenholtz*, 442 U.S. at 15, 99 S.Ct. at 2107.

On the basis of the foregoing, the Court finds that a hearing on the petition is unwarranted, as petitioner's allegations, "even if true, fail to state a cognizable constitutional claim." *Wallace v. Lockhart*, 701 F.2d 719, 729–30 (8th Cir.1983). Accordingly, the Court hereby orders that the petition for writ of habeas corpus be denied.

SO ORDERED.