816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. EVANS, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 86-1292.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1987.
 
 Before MARTIN and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary.
 
 
 2
 Petitioner, while a prisoner at the Federal Correctional Institute at Milan, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. Claiming to be held illegally, petitioner alleged that his constitutional rights of due process and equal protection had been violated by the United States Parole Commission. The Commission, in 1981, determined that petitioner, a parolee, would be required to serve 72 months of an intervening 1979 state conviction for unarmed robbery before he could begin serving the remaining term of a 1971 federal conviction for bank robbery. The district court, on February 13, 1986, entered a judgment denying the petition in accordance with its earlier opinion and order.
 
 
 3
 We affirm the judgment of the district court. Section 4214 of Title 18 does not remove the discretion of the Commission under 28 U.S.C. Sec. 4210 to require parole violators to consecutively serve an intervening state sentence and the remaining portion of their underlying federal sentence. See Berg v. United States Parole Commission, 735 F.2d 378 (9th Cir.1984); United States v. Newton, 689 F.2d 770, 772 (5th Cir.1983); Harris v. Day, 649 F.2d 755, 758-60 (10th Cir.1981); Wilkerson v. United States Board of Parole, 606 F.2d 750 (7th Cir.1979). Consecutive service of such sentences has long been the policy of the Commission. Moody v. Daggett, 429 U.S. 78, 84-5 (1976). Accordingly, no violation of the ex post facto clause of the United States Constitution resulted from the Commission's decision, as petitioner has not shown that concurrent service would have been imposed under the statutes and regulations in effect at the time of his earlier conviction. Richardson v. United States Parole Commission, 729 F.2d 1154, 1155 (8th Cir.1984); Defresne v. Baer, 744 F.2d 1543, 1546-49 (11th Cir.1984). Nor did the Commission in implementing its decision intentionally discriminate against petitioner so as to violate petitioner's guarantee of equal protection. Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir.1981). Finally, the action of the administrative law judge in recommending 72 months service, as approved by the Regional Commissioner, did not violate due process. Such action is specifically authorized by 28 C.F.R. Sec. 2.24(b)(1).
 
 
 4
 The judgment of the district court is, accordingly, affirmed. Rule 9(b), Rules of the Sixth Circuit.