Henry MORGAN, Jr., Appellant,

v.

John SULLIVAN, Warden, United States Parole Commission, et al. Appellees.

No. 87–5330.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1988.

Decided Sept. 16, 1988.

Cecilia M. Michel, Asst. Fed. Public Defender, Minneapolis, Minn., for appellant.

Franklin L. Noel, Asst. U.S. Atty., Minneapolis, Minn., for appellees.

Before HEANEY, WOLLMAN, and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

Henry Morgan, Jr., appeals from the district court's [1] order denying his petition for habeas corpus. Morgan contends that the United States Parole Commission (the Commission) abused its discretion in determining his parole and that the Commission's use of the revised parole guidelines violates the ex post facto clause. We affirm.

■ Morgan is a federal prisoner serving a fourteen-year sentence imposed in 1981 for conspiracy to violate federal narcotics laws, 21 U.S.C. § 846 (1981), and distribution and possession of heroin, 21 U.S.C. §§ 812, 841. At Morgan's initial parole hearing, the hearing panel calculated his salient factor score as seven and recommended that Morgan be eligible for possible parole after the service of sixty-four months. On review, the Regional Parole Commissioner recommended giving Morgan a score of eight. In so doing, he stated that he was able to infer from the evidence presented at trial and confirmed in the presentence report that appellant had been directly involved in distributing more than the equivalent of three kilo-

_____

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

grams of pure heroin. This amount of heroin properly required a score of eight, which required that he be confined for 120 months. The National Commissioners then ordered Morgan held until the expiration of his sentence. The Regional Commissioner and National Appeals Board affirmed.

The district court, relying on a magistrate's [2] report and recommendation, rejected Morgan's claim that the Commission improperly considered unsubstantiated information in his presentence investigation report (PSI) concerning the amount of heroin involved and the duration of the conspiracy. We affirm the district court. In our view, the record before the Commission supports its view that Morgan distributed more than the equivalent of three kilograms of pure heroin. Because there was information presented at trial and confirmed by the presentence investigation that supports the Commission's decision to increase Morgan's score, we cannot find the Commission's decision arbitrary, capricious, or an abuse of discretion. *See Richardson v. United States Parole Comm'n*, 729 F.2d 1154, 1156 (8th Cir.1984).

■ We find Morgan's second argument, that the application of the revised parole guidelines violates the ex post facto clause, without merit. *See Yamamoto v. United States Parole Comm'n*, 794 F.2d 1295, 1300 (8th Cir.1986); *see also Miller v. Florida*, — U.S. —, 107 S.Ct. 2446, 2453, 96 L.Ed.2d 351 (1987).

AFFIRMED.

**2.** The Honorable Patrick J. McNulty, United States Magistrate for the District of Minnesota.