**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Ronald Doyle HILLIS,
Defendant–Appellant.**

No. 53019.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 1988.

Application to Transfer Denied
May 17, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

On July 26, 1986, at approximately 3:50 a.m. a man entered a Steak-n-Shake restaurant in the City of St. Louis, held a gun to the crew-leader's head and robbed the restaurant of $440. The robber was later identified as the defendant, Ronald Doyle Hillis. The defendant was tried before a jury and was found guilty of first degree robbery and armed criminal action. The defendant had two prior convictions for robbery and two for burglary. The trial court found the defendant to be a class X offender under Section 558.019.4(3)[1] and sentenced him to life and fifteen years imprisonment to run consecutively.

The defendant argues on appeal that (1) the trial court erred in overruling the defendant's objection to certain comments made by the prosecutor in closing argument; (2) the trial court erred in overruling defendant's motion for a judgment of acquittal as to the armed criminal action charge because the evidence was insufficient to show the gun used by the defendant was truly a gun; and (3) Section 558.-

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, and all references to rules are to Missouri Rules of Court, V.A.M.R.

019 as applied to the defendant is invalid as an ex post facto law.

In his first point the defendant argues that the trial court erred in overruling the defendant's objection to the following portion of the prosecutor's closing argument:

Yes, the State of Missouri has the burden of proving the case. But when the Defense decides to put on evidence, when they decide to put on witnesses, it becomes incumbent upon you to evaluate them the same way that you evaluate State's witnesses. If the State puts on evidence and the Defense puts on nothing, the burden is completely upon the State to prove the case. *When the Defense puts on evidence, ladies and gentlemen, the ballgame changes.* I've still got to prove the case beyond a reasonable doubt. But now you've got a whole other ball of wax. (Emphasis added).

■ The defendant asserts that these comments, in effect, placed the burden of proof on him and as a result denied him the due process of the law. Substantial latitude is allowed on closing argument and the trial court is vested with broad discretion in controlling such argument. *State v. Wren*, 643 S.W.2d 800, 802 (Mo.1983). The ruling of the trial court will not be disturbed unless an abuse of that discretion resulted in prejudice to the defendant. *State v. Fuhr*, 660 S.W.2d 443, 448 (Mo.App.1983). Further, the defendant has the burden of demonstrating that the comments at issue had a decisive effect on the jury's decision. *State v. Webster*, 659 S.W.2d 286, 289 (Mo.App.1983).

■ When the comment at issue is viewed in light of the record as a whole we find that it did not shift the burden of proof to the defendant. Both immediately before and after the comment, the prosecutor stated that the burden of proof was on the state. Instructions 4 and 8 that were submitted to the jury reiterated the proper burden of proof. The prosecutor's comment was simply an attempt to urge the jury to closely scrutinize the credibility of the defense witnesses. The defendant fails to show how he was prejudiced and we find no abuse of discretion. Point denied.

■ In his second point the defendant argues that his conviction for armed criminal action should be reversed because the evidence was insufficient to prove that he used a deadly weapon during the robbery. Since the gun was never recovered, the only evidence offered by the state was the testimony of the victims. Defendant urges that before the "draconian punishment possible for armed criminal action is cumulated, there should be in the record indicia sufficient to prove beyond a reasonable doubt" that the weapon used by the defendant "was genuinely a deadly weapon rather than a toy, replica, cigarette lighter, starter's pistol, gas gun, etc." In passing on the sufficiency of the evidence, we must view the evidence in the light most favorable to the state and give the state the benefit of all reasonable inferences. *State v. Tilley*, 569 S.W.2d 346, 348 (Mo.App. 1978). Upon review of the record we accept as true all evidence circumstantial or direct, tending to prove the defendant was guilty. *State v. Dunavant*, 674 S.W.2d 685, 686 (Mo.App.1984).

■ The defendant is correct when he concedes that nothing in the statute requires the gun be produced. Kenneth Hall, the crew leader on duty the night of the robbery, described the gun as a small silver automatic "Saturday night special." The other employee on duty described the weapon as a small silver gun. From their testimony the jury could have found that the defendant was brandishing a real gun rather than toy. *State v. Pisha*, 674 S.W.2d 594, 598 (Mo.App.1984). "A gun in and of itself is considered a dangerous and deadly weapon whether it is, in fact, operative as a firearm or not." *State v. Long*, 532 S.W.2d 814, 820 (Mo.App.1975). To require that the state prove that a gun was operative would render the statute prohibiting armed criminal action unenforceable. *Tilley*, 569 S.W.2d at 348. The evidence presented by the state supports the finding of the jury that a real gun was used during the robbery. *State v. Maher*, 743 S.W.2d 561, —— (Mo.App.1987).

In his third point the defendant claims the trial court erred in finding him a class X offender under Section 558.019 which, when applied to him, is an ex post facto law. Defendant was charged with offenses committed on July 26, 1986. Section 558.019 went into effect January 1, 1987. Trial was held on February 24, 1987 and the defendant was sentenced on March 3, 1987. Defendant argues that Section 558.-019 increases the punishment after commission of the crime and is therefore unconstitutional.

▪ At the outset we note that defendant has failed to preserve the issue for appellate review. This issue was not included in his motion for a new trial nor did the defendant raise a objection on this ground at trial. To properly preserve a constitutional issue for appeal "a party must (1) raise the constitutional issue at the first available opportunity, (2) specifically designate the constitutional provision claimed to have been violated by express reference to the article and section of the constitution or by quoting the provision itself, (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review." *State v. Hyde*, 682 S.W.2d 103, 105 (Mo. App.1984). Although defendant has failed to properly preserve it, we will review the issue *ex gratia* for plain error. Rule 29.-12(b).

▪ An ex post facto law is one which either declares acts as criminal which did not constitute crimes when they were committed or one which enlarges the penalty for a crime after the date of violation. *State v. Maynard*, 714 S.W.2d 552, 554 (Mo.App.1986). The Supreme Court has ruled that two elements are necessary to establish an ex post facto violation. First, the law must be retrospective; it must apply to events that occurred before its enactment. Second, it must disadvantage the offender affected by it. *Miller v. Florida*, —— U.S. ——, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987) (citing *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)). Changes in the law which increase the punishment or change the elements or facts necessary to establish guilt are substantive in nature and as such are subject to ex post facto prohibition. Mere procedural changes are not subject to such prohibition. *Miller*, 107 S.Ct. at 2452–2453.

▪ It cannot be disputed that Section 558.019 is retrospective as applied to this defendant. The crime was committed on July 26, 1986 and the statute went into effect on January 1, 1987. The crucial inquiry is whether the new statute disadvantaged the defendant by enlarging the penalty for the crime he committed. We believe that it did.

In the absence of Section 558.019 the defendant, as a persistent offender as defined in Section 558.016, and upon conviction of armed robbery in violation of Section 569.020, would have been subject to life imprisonment under Sections 558.011 and 558.016. Barring any misconduct on his part, the defendant would have been eligible to make application for parole under Section 217.690 after he had served twelve months of his sentence. Thereafter, the decision whether to grant the defendant parole would have been within the discretion of the Parole Board.

The results under the new statute are quite different. While the defendant would still be subject to life imprisonment under Section 569.020, he would be deemed a class X offender under the terms of Section 558.019.4(3). Section 558.019.2(3) states "[i]f the defendant is a class X offender, the minimum prison term which the defendant must serve shall be eighty percent of his sentence." Section 558.019.4(4) provides that a "sentence of life shall be calculated to be fifty years." Therefore, the minimum term that the defendant must serve before becoming eligible for parole under the new statutory scheme is forty years.

Parole eligibility constitutes part of the punishment for a crime and retroactive changes in eligibility to the disadvantage of the defendant could violate the ex post facto clause. *Maggard v. Moore*, 613 F.Supp. 150, 152 (W.D.Mo.1985). Adverse changes in the time at which a prisoner

first becomes eligible for parole consideration may violate the ex post facto clause in some cases. *Yamamoto v. U.S. Parole Comm'n,* 794 F.2d 1295, 1300 (8th Cir. 1986).

Respondent maintains that because Section 217.690 makes the decision whether to grant a parole a matter purely within the discretion of the Board, the defendant cannot show that the application of Section 558.019 subjects him to a greater punishment. A similar argument was made but rejected in *Lindsey v. Washington,* 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937). In that case at the time the defendant committed the crime the law provided for a sentence of six months to fifteen years. At the time the defendant was sentenced the law had been changed to mandate a minimum sentence of fifteen years. In finding that the change was ex post facto as applied to the defendant the court stated that "we need not inquire whether there is technically an increase in the punishment annexed to the crime" because "[i]t is plainly to the substantial disadvantage of petitioners to be deprived of all opportunity to receive a sentence which would give them freedom from custody and control prior to the expiration of the fifteen-year term." *Id.* at 401–402, 57 S.Ct. at 799. *"Lindsey* establishes that one is not barred from challenging a charge in the penal code on ex post facto grounds simply because the sentence he received under the new law was not more onerous than that which he might have received under the old." *Miller,* 107 S.Ct. at 2452 (citing *Dobbert v. Florida,* 432 U.S. 282, 300, 97 S.Ct. 2290, 2301, 53 L.Ed.2d 344 (1977)). Thus, even if the new statute did not technically increase the sentence received by the defendant, it foreclosed his ability to apply for parole after serving one year of his sentence. The end result of this foreclosure was to, in effect, increase the minimum time served in the penitentiary for an offender in defendant's position from twelve months to forty years. The same issue has been decided in favor of the defendant in other jurisdictions. *See State v. Gone,* 587 P.2d 1291 (Mont.1978); *Ex parte Alegria,* 464 S.W.2d 868 (Tex.Crim.App.1971); *In re*

*Griffin,* 63 Cal.2d 757, 408 P.2d 959, 48 Cal.Rptr. 183 (1965). We conclude that as applied to this defendant, Section 558.019 runs afoul of the ex post facto clause and works a manifest injustice. Rule 29.12.

 We find no reversible error and accordingly we affirm the conviction of the defendant. However, we remand for the limited purpose of resentencing consistent with this opinion.

STEPHAN, P.J., and KAROHL, J., concur.