**STATE of Missouri, Plaintiff–Respondent,**

v.

**Henry L. McCOY, Defendant–Appellant.**

**No. 53144.**

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1988.

Application to Transfer Denied May 17, 1988.

Henry B. Robertson, Joseph W. Downey, Asst. Public Defenders, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Henry L. McCoy appeals, after a jury trial, from final convictions of one count of robbery in the first degree and one count of armed criminal action. Defendant was sentenced to life imprisonment for robbery in the first degree and a consecutive 10 year term for armed criminal action.

On appeal defendant claims the trial court erred: (1) by giving verdict directing

instructions which prejudicially deviated from MAI–CR 3d; (2) by overruling defendant's motion for judgment of acquittal as to Count IV, armed criminal action, because the evidence was insufficient to prove that he used a deadly weapon; and (3) by finding appellant a class X offender because Section 558.019 as applied to him is an ex post facto law. We reverse that portion of defendant's sentence adjudicating him to be a class X offender. In all other respects, defendant's convictions are affirmed.

The evidence at trial disclosed that on April 4, 1986, Judy Bentler, an employee of the National Money Exchange, arrived at work at approximately 8:15 a.m. As she unlocked the front door, defendant shoved a gun into her chest. Defendant followed Ms. Bentler into an office holding the gun on her and demanded she open a safe and empty the contents into a trash bag. Defendant absconded with $9,600 in cash and $15,000 in checks.

At the scene Ms. Bentler provided police with a description of defendant. Later, Ms. Bentler identified defendant's photograph from an array and identified defendant from a lineup. She also identified defendant at trial.

Luther Thompson arrived at the National Money Exchange the morning of April 4, 1986, and observed defendant force his way into the building. Mr. Thompson saw one-half inch of the tip of a dark colored, round barreled revolver in defendant's hand. Mr. Thompson identified defendant from an array of photographs and from a lineup. He also identified defendant in court.

The trial court found the defendant to be a prior and persistent offender. The trial court also found defendant to be a class X offender pursuant to Section 558.019 RSMo (1986), in that he had pleaded guilty to or had been found guilty of three or more felonies committed at different times.

In his first point of error, defendant claims the trial court erred by giving Instructions Nos. 9 and 11, the verdict di-

rectors, because they prejudicially deviated from MAI–CR3d in that they contained a final paragraph not authorized by MAI–CR3d 304.02. The challenged paragraph in Instruction No. 9 was as follows:

> If you do find the defendant guilty under Count III of robbery in the first degree, you will return a verdict finding him guilty <u>under Count III</u>[1] of robbery in the first degree.

A similar paragraph was given in Instruction No. 11, the verdict director for the armed criminal action charge. By adding this paragraph, defendant claims, the State hoped to aid its chances of conviction by emphasizing the jury's duty to convict.

■ Contrary to defendant's allegations, MAI–CR3d authorizes the use of this paragraph at the end of a verdict directing instruction where a range of punishment paragraph will not be given. MAI–CR3d 304.08, Notes on Use 2. *See* MAI–CR3d 304.02, Notes on Use 16. A range of punishment paragraph is not given when, as here, the defendant is found to be a prior and persistent offender and a class X offender. MAI–CR3d 304.08, Notes on Use 2B.

It was mandatory that the trial court give the instruction provided for by MAI–CR3d, as written. *State v. Outley*, 693 S.W.2d 184, 188 (Mo.App.1985). *See* Rule 28.02(c). The trial court would have erred if it had failed to instruct the jury in compliance with MAI–CR3d and applicable notes on use. *State v. Mee*, 643 S.W.2d 601, 604 (Mo.App.1982). Defendant's first point is denied.

Defendant next claims the trial court erred by overruling defendant's motion for judgment of acquittal as to Count IV, armed criminal action. He argues that the evidence was insufficient to prove that he used a deadly weapon in that it consists only of the conclusory testimony of the witness that the robber used a gun, without any assurance that it was a gun rather

---

**1.** We note that the underlined portion of the instruction is surplusage, albeit harmless, and should be omitted.

than a toy, gas gun, starter's pistol, cigarette lighter, or other facsimile.

Defendant argues that the testimony of both witnesses who claim to have seen a gun is conclusory and is insufficient to prove beyond a reasonable doubt the object was genuinely a deadly weapon or dangerous instrument. Although defendant concedes there is no requirement that the weapon be physically introduced in court, he maintains something more is needed than an eyewitness's description of a gun in order to satisfy the code definition of a dangerous instrument or deadly weapon.

The testimony of a victim or witness that a robber brandished a gun during the crime is sufficient to submit to the jury the issue of whether or not defendant committed the crime of armed criminal action. *State v. Maher*, 743 S.W.2d 561, 563–564 (Mo.App.1987); *State v. Hillis*, 748 S.W.2d 694, 696–697 (Mo.App.1988). A gun, in and of itself, is deemed a dangerous and deadly weapon whether or not it is, in fact, an operable firearm. *Id.* Proof that the gun was loaded and operative as a condition precedent to a conviction of armed criminal action would render the statute unenforceable. *State v. Tilley*, 569 S.W.2d 346, 348 (Mo.App.1978). Therefore, the testimony of Ms. Bentler and Mr. Thompson that defendant employed a gun was sufficient evidence to submit to the jury the issue of whether defendant committed armed criminal action. The trial court did not err by overruling defendant's motion for acquittal as to the count of armed criminal action. Defendant's second point on appeal is denied.

In defendant's final point of error he claims the trial court erred by finding him a class X offender because Section 558.019 as applied to him is an ex post facto law in that it increases the punishment after the commission of his offense, making it mandatory that he serve 80 percent of his sentence before becoming eligible for parole whereas the law in effect at the time of the offense places no legislative restrictions on parole eligibility.

Defendant was charged with offenses committed on April 4, 1986. The class X offender law, Section 558.019, went into effect on January 1, 1987. Defendant was sentenced on May 1, 1987. For the reasons stated in *State v. Hillis*, 748 S.W. 2d 694, 697 (Mo.App.1988), we hold that Section 558.019 is an ex post facto law in violation of the United States Constitution, Article I, Section 10, and the Missouri Constitution, Article I, Section 13, as applied to this defendant.

We reverse that portion of defendant's sentence adjudicating him to be a class X offender. We affirm defendant's conviction of first degree robbery and armed criminal action.

SIMON, P.J., and GRIMM, J., concur.