**STATE of Missouri, Respondent,**

v.

**Charles MARTIN, Appellant.**

**Charles MARTIN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 53827, 55315.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 13, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Kristine A. Grady, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Charles Martin, was convicted by jury of burglary first degree, in violation of § 569.160 RSMo 1986, and sentenced as a class "X" offender under § 558.019 RSMo 1986, to twenty-five years imprisonment. The appeal from his convic-

tion was stayed because defendant filed a motion for post conviction relief pursuant to Rule 29.15. On direct appeal, defendant claims the trial court erred in: (1) applying § 558.019 RSMo 1986 retroactively and sentencing defendant as a class "X" offender in violation of constitutional provisions prohibiting *ex post facto* laws; and, (2) overruling defendant's challenge for cause of a venireperson. In his Rule 29.15 motion defendant claims ineffective assistance of counsel for trial counsel's failure to investigate and call a witness. We affirm.

In the early morning of December 17, 1986, two police officers responded to a burglar alarm at a lounge in north St. Louis. The officers saw defendant climbing out a broken window at the lounge. The officers apprehended defendant and one of the officers conducted a pat down search of defendant. The officer found a knife with a five-inch blade inside one of defendant's pockets. The officers arrested defendant. Defendant had $24.45 in his possession, consisting of a ten dollar bill, a five, and a one, thirty quarters and nineteen nickels. The owner of the lounge stated a "ten and a five and some ones and some change" was stolen from the lounge during the burglary.

Defendant denied burglarizing the lounge. He contended that while he was walking to a bus stop he saw two men climbing out the lounge window. He claimed he frightened the two men off, went up to the broken window to look inside the lounge and at that point the police officers arrived.

■ Defendant's first claim of error on direct appeal is the trial court erred in sentencing him as a class "X" offender under § 558.019 RSMo 1986. He claims the statute, as applied to him in this case, is an *ex post facto* law in violation of the U.S. Const., Art. I, § 10, and the Mo. Const., Art. I, § 13. An *ex post facto* law is one which enlarges the penalty for a crime after the date of violation or declares acts as criminal which did not constitute crimes when they were committed. *State v. Hillis*, 748 S.W.2d 694, 697 (Mo.App.1988). To establish an *ex post facto* violation, a law

must be retrospective and disadvantage the offender affected by it. *Id.* Section 558.-019 RSMo 1986 provides enhanced sentencing for repeat offenders. It requires a class "X" offender to serve at least eighty percent of his sentence before becoming eligible for parole. The burglary occurred on December 17, 1986. The statute did not go into effect until January 1, 1987.

The Supreme Court of Missouri has determined § 558.019 RSMo 1986 disadvantages a defendant and cannot be applied retroactively. *State v. Lawhorn,* 762 S.W.2d 820, 824–26 (Mo. banc 1988). *See also, State v. West,* 766 S.W.2d 103, 112–13 (Mo.App.1989); *State v. Hillis,* 748 S.W.2d at 697–98 (Mo.App.1988). Section 558.019 RSMo 1986 requires a defendant to serve more time in jail before becoming eligible for parole than was required before the statute went into effect. This change in parole eligibility operates to the disadvantage of a defendant, and applying the statute retroactively violates the *ex post facto* clause of the United States and Missouri Constitutions. *See, Lawhorn,* 762 S.W.2d at 826. The trial court erred in sentencing defendant as a class "X" offender under § 558.019 RSMo 1986. We remand for sentencing.

■ Defendant's second claim of error on direct appeal is the trial court erred in failing to strike venireperson O'Brien for cause. Defendant contends O'Brien could not fairly evaluate police officer testimony because during voir dire she stated she believed a police officer would not lie while testifying unless personally involved in a case. We find the court did not err in failing to strike venireperson O'Brien for cause.

A trial court has wide discretion in determining whether a juror is qualified. *State v. Griffin,* 756 S.W.2d 475, 481 (Mo. banc 1988). The critical question is whether a venireperson's responses indicate an ability to evaluate evidence fairly. *State v. Lingar,* 726 S.W.2d 728, 734 (Mo. banc 1987), *cert. denied,* 484 U.S. 872, 108 S.Ct. 206 98 L.Ed.2d 157. Defendant claims O'Brien's responses during voir dire indicate she could not fairly judge the credibili-

ty of a police officer as compared to other witnesses. Her responses during voir dire were as follows:

Mr. Jamieson. [Prosecutor] Would you have any problem judging the credibility of a policeman?

A. No.

Mr. Jamieson. Would you judge a policeman as you would any other witness that was testifying from the stand?

A. Yes.

\* \* \* \* \* \*

Ms. Moss. [Defense Counsel] Do you think a police officer can take the stand and lie?

A. Not really.

\* \* \* \* \* \*

Mr. Jamieson. We're not asking whether you necessarily believe that all police officers are liars, okay, just because they're policemen, and we don't expect you to believe that all police officers necessarily tell the truth just because they're police officers, okay?

A. Right.

Mr. Jamieson. But do you believe first of all that given the right set of circumstances or wrong set of circumstances anybody could lie about a certain thing? Would that be a fair statement that anyone is capable of lying?

A. Right. Yeah.

Mr. Jamieson. Would you believe that anybody whether it be a policeman or any other job could lie about something? Do you believe that possibility exists?

A. I think anybody can lie but I think it all depends on the circumstances of what you can believe that person is or not.

\* \* \* \* \* \*

Ms. Moss. Ma'am, I asked you that earlier and you said that you didn't think a police officer could lie on the stand.

A. I said not really but to me it would all depend on the case, you know, if they're personally involved I feel that they can lie, but if they're not personally involved then I think that they would not.

\* \* \* \* \* \*

The Court. So that I understand that in response to a question there are circumstances under which you believe that a police officer would tell a lie, is that what you're saying?

A. Right.

The Court. You would be able to judge his credibility as to whether or not he was lying?

A. Yes.

O'Brien's answers indicate she could fairly evaluate police officer testimony. She agreed a police officer may lie in some instances. She affirmed an ability to evaluate the evidence fairly and to judge an officer based on his credibility. The court found O'Brien "indicated that officers can tell lies and she would judge them on their appearances and would judge their credibility as she would any other person." The trial court was in the position to observe gesture, inflection and demeanor and could best judge the qualifications of the juror. *Lingar,* 726 S.W.2d at 734. We find no error in the trial court's overruling challenge for cause of venireperson O'Brien. Point denied.

■ Defendant also makes a claim of ineffective assistance of counsel under new Rule 29.15. He contends trial counsel was ineffective for failure to investigate a potential defense witness. An evidentiary hearing was held. The motion court denied defendant's claim.

Appellate review of an order overruling a motion for post conviction relief is limited to determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). The findings of a motion court are clearly erroneous only if review of the entire record leaves a reviewing court with the firm impression a mistake has been made. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

We review a claim of ineffective assistance of counsel under an objective standard of reasonableness of the attorney's actions at the time. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80

L.Ed.2d 674, 694 (1984). An ineffective assistance of counsel claim grounded on failure to investigate a witness must establish: (1) the witness could have been located through reasonable investigation; (2) the witness would have testified if called; and, (3) the witness' testimony would have provided a viable defense. *Thrasher v. State*, 760 S.W.2d 462, 464 (Mo.App.1988).

Here, defendant testified at the evidentiary hearing he gave trial counsel information about a potential witness who saw two men burglarize the lounge. According to defendant, he told trial counsel the witness lived near the intersection of Aldine and Cora Streets and owned a 1976 burnt orange Duster automobile with a white stripe down the side. He stated he did not know the name of the witness. Trial counsel testified defendant told her of a potential witness but said, "[h]e gave me the street Aldine. That's all he gave me." Counsel said defendant gave her no name or description of the witness. She denied the defendant had given her a description of the witness' car. Trial counsel said she told defendant "that if he would get me that information of where he [the witness] lived and what his [the witness'] name was, I would send my investigator to look for him."

Nothing in the record indicates the witness could have been located, that he was willing to testify or that the missing witness saw anything relevant to the defense. Defendant gave trial counsel no name, physical description, or other means of identification of the witness. The motion court may not have believed the witness existed. Even if existence of the witness is assumed, there is little reason to believe he could be found and no reason to find counsel ineffective for failure to locate and interview. Defendant has failed to meet his burden of showing trial counsel was ineffective for failure to investigate the witness. *See, Young v. State*, 761 S.W.2d 725, 728 (Mo.App.1988). Point denied.

We affirm the conviction of defendant and judgment of the motion court. However, we remand for re-sentencing consistent with this opinion.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.