**STATE of Missouri, Respondent,**

v.

**Dennis Michael GORKA, Appellant.**

**Dennis Michael GORKA,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 52659, 56154.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 21, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 21, 1989.

Application to Transfer Denied
Feb. 13, 1990.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from his convictions of burglary in the second degree and stealing over $150.00 and from the denial of his Rule 29.15 motion for post-conviction relief.

Appellant was sentenced to five years imprisonment on each count, to be served concurrently. We affirm.

On February 21, 1985, the Creve Coeur police received a burglary call from a residence in St. Louis County. The owners had left their home at approximately 7:00 and returned at 7:30 to find evidence of a burglary. They immediately called the police. Officer Mertz responded to the call within a few minutes by driving to the parking lot of Parkway West Junior High School. The rear of the residence was separated from the parking lot by a stretch of woods. Upon pulling into the lot, Officer Mertz noticed two white males emerging from the woods; one was average size, the other large. As soon as the headlights from the patrol car hit the men, they ran back into the woods and Officer Mertz pursued them. The smaller suspect escaped, but Officer Mertz apprehended the larger suspect, appellant. Appellant's tennis shoe, which was larger than a size 12, matched the size and complex tread of a muddy footprint found inside the crime scene. The morning after the burglary, the police discovered some of the stolen property in the woods near where appellant had been apprehended.

Appellant was charged with one count of burglary in the second degree, § 569.170, RSMo 1986, and one count of stealing more than $150.00, § 570.030 RSMo 1986. At the close of the state's evidence at trial, the defense moved for a directed verdict on the grounds that the state had failed to present a submissible case. This motion was denied. The defense presented no evidence and the cause went to the jury which found appellant guilty on both charges.

Appellant filed a motion for new trial, which was denied, then filed a notice of appeal on January 13, 1987. Later, appellant filed a motion for post-conviction relief under Rule 29.15. That motion was denied after an evidentiary hearing and the appeal of that denial is consolidated with appellant's direct appeal in this action.

Appellant first claims the trial court erred in overruling his motion for directed verdict for the reason that the state failed to present a submissible case. He argues that the totality of the state's evidence against him was that he ran from a man who turned out to be a police officer approximately one half to one quarter of a mile from the scene of the burglary.

A criminal conviction resting on circumstantial evidence requires that the evidence be inconsistent with any theory of innocence, but it need not be conclusive of guilt nor demonstrate the impossibility of innocence. *State v. Rodden,* 728 S.W.2d 212, 213 (Mo. banc 1987). In other words, "the mere existence of other possible hypothesis is not sufficient to remove the case from the jury." *Id.*

In the case at bar, appellant was found less than half a mile from the scene of the crime no more than 40 minutes after the crime occurred and he did not live in that area nor present any reason he would frequent the area. Items stolen during the burglary were recovered near the area appellant was seen and the unusual size and tread of appellant's shoes matched that of footprints found at the crime scene. Upon first viewing a police officer, appellant and his companion attempted to flee. It is possible that another person with the same shoe size and tread as appellant committed the crime. It is also possible that appellant had a legal motive for wandering through a wooded area not near his home on a dreary February evening and that he ran from the police officer for reasons other than guilt of the burglary. These possible theories of innocence, however, are too tenuous to destroy the efficacy of the strong circumstantial evidence above and there was sufficient evidence to submit the case to the jury.

Appellant next claims that the trial court committed reversible error by permitting the state to argue the fact that appellant had exercised his right to remain silent when arrested and exercised his right not to testify as evidence of guilt. Appellant admits this claim was not preserved for review and can only be examined for plain error. Rule 29.12(b). Thus, we will only reverse if the error "so substantially affects the rights of the accused that a 'manifest injustice or miscarriage of justice inex-

orably results.'" *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988).

■ While we agree that a prosecutor may not comment on a defendant's failure to testify, *Id.*, the prosecutor did not do so in this case. The portions of the closing argument set forth in appellant's brief are merely comments on the failure of the defense to offer any evidence or any reasonable explanations to rebut the circumstantial evidence presented by the prosecution; such comments are permissible. *State v. Jackson*, 750 S.W.2d 644, 648 (Mo.App. 1988). Because there was no error in these comments, let alone plain error, this point is denied.

■ Appellant's final point on his direct appeal is that the trial court erred in denying his motion to strike venireperson Miller for cause when Mr. Miller said he would give more credibility to a police officer than to another witness. Mr. Miller initially stated that he would give more weight to a police officer's testimony, but upon later questioning, he stated that when he heard the testimony, he would "have to make a decision at that time." When appellant's attorney moved to strike Mr. Miller because "he would give more weight to the testimony of an officer" the court responded "I think he unequivocally indicated to the court that he would not."

Based on his personal observations, the trial court has wide discretion in determining whether a venireperson will be fair and impartial. *State v. Morris*, 680 S.W.2d 315, 319 (Mo.App.1984). Such a decision will not be disturbed absent "a clear abuse of discretion and a real probability of injury to the complaining party." *State v. Mathenia*, 702 S.W.2d 840, 844 (Mo. banc 1986) *cert. denied*, 477 U.S. 909, 106 S.Ct. 3286, 91 L.Ed.2d 574. We find no clear abuse of discretion here.

Finally, appellant attacks the denial of his Rule 29.15 motion on the grounds that his trial counsel was ineffective in failing to object to evidence that appellant had invoked his right to remain silent and to argue that such silence was evidence of guilt. The evidence in question is testimony of Officer Mertz as he described his pursuit of appellant.

And at that time I withdrew my revolver. I advised him to stop, that I was a police officer; and at that time he held his hands up in the air; and I advised him to lay down flat on his stomach, which he did; and I asked the subject if there was anybody else out there in the woods; and he said: I got nothing to say. At which time I handcuffed him and an assist car arrived, and we transported him to the police station.

■ To prove ineffective assistance of counsel, a movant must prove both that trial counsel performed deficiently and that the deficiency resulted in prejudice to movant. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Failure to object to admissible evidence does not result in ineffective assistance. *Newman v. State*, 751 S.W.2d 93, 96 (Mo.App.1988). Even failure to object to inadmissible evidence will not result in ineffective assistance absent a substantial deprivation of the right to a fair trial. *Stuckey v. State*, 756 S.W.2d 587, 591 (Mo.App.1988).

■ The testimony in the present instance was admissible. It was merely a part of the circumstances of the arrest, which are admissible when they have probative value, such as when unexplained flight is involved. *State v. Scott*, 687 S.W.2d 592, 593 (Mo.App.1985). Even if the evidence were inadmissible, appellant has failed to show prejudice. His brief cites only the prosecutor's closing argument as an instance of prejudice, and we have already held that those comments were permissible. Appellant has failed to show either any deficiency in his trial counsel's conduct or any prejudice from that conduct and has consequently failed to identify any error by the motion court.

The conviction of burglary in the second degree and stealing over $150.00 and the denial of appellant's 29.15 motion are affirmed.

SIMON and SIMEONE, JJ., concur.