**STATE of Missouri, Respondent,**

v.

**Ricky MILLER, Appellant.**

**Ricky MILLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 60337, 62136.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 6, 1993.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions for rape, second degree assault, armed criminal action, and property damage. He further appeals the denial of his Rule 29.15 motion for post-conviction relief. Affirmed.

Defendant does not challenge the sufficiency of the evidence. Therefore, only a brief recitation of the facts is necessary. On June 1, 1990, Defendant was involved in two separate consecutive incidents. First, Defendant raped K.D. Immediately afterward, Defendant was involved in an altercation outside his home with Darrell Schaumann. Schaumann was stabbed in the head and back. Defendant was arrested that evening and charged by indictment on June 20, 1990 for rape (Count I), first degree assault (Count II), armed criminal action (Count III), and property damage (Count IV). Trial was held on April 22 through 25, 1991. The jury convicted Defendant of all charges. The trial court sentenced Defendant to twenty years on Count I, seven years on Count II, twenty years on Count III, and six months on Count IV, with the sentences to run concurrently.

In Point I, Defendant argues the trial court erred in sentencing him as a persistent misdemeanor offender pursuant to § 558.016. Defendant asserts the application of § 558.016 to his case is an *ex post facto* law. The crimes in question were

committed on June 1, 1990. Defendant's trial was held on April 22–25, 1991. The court sentenced Defendant on May 31, 1991. Between the time of Defendant's arrest and his trial, the Missouri legislature amended § 558.016 to allow the judge, rather than the jury, to sentence persons who are "persistent misdemeanor offenders." Section 558.016, Supp.1992.

■ Two elements must be present to establish an *ex post facto* violation: (1) the law must be retrospective, and (2) it must disadvantage the Defendant. *State v. Hillis,* 748 S.W.2d 694, 697[10] (Mo.App.1988). It is clear that the amendment to § 558.016 is retrospective as to Defendant, because it was not enacted until after the crime was committed. However, Defendant was not disadvantaged by this retrospective application.

■ A law will disadvantage Defendant if it: (1) declares acts to be criminal which were not criminal when committed; (2) aggravates a crime, or makes it greater than it was; (3) increases punishment of crime; or (4) alters the rules of evidence to allow less or different testimony. *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 2719[2], 111 L.Ed.2d 30 (1990); and *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987). Further, "no *ex post facto* violation occurs if the change in the law is merely procedural and does 'not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.' " *Miller,* 482 U.S. at 433, 107 S.Ct. at 2452–53[4], *quoting Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884).

Defendant argues that a change from jury sentencing to judge sentencing does increase his punishment, and further, it is not merely procedural. Defendant relies on *Hillis,* 748 S.W.2d at 694, to support his argument. In *Hillis,* the defendant was charged with offenses committed on July 26, 1986. Section 558.019 went into effect on January 1, 1987. The defendant was sentenced on March 3, 1987. Section 558.-019 allowed the court to sentence him as a Class X offender and required him to serve a minimum of eighty percent of his sentence before he would be eligible for parole. This court held § 558.019 was an *ex post facto* law as applied retrospectively to the defendant, because changes in parole eligibility disadvantaged him by increasing his punishment. *Id.* at 697–98[12]; *See also, State v. Lawhorn,* 762 S.W.2d 820, 824–26[5] (Mo. banc 1988); and *State v. McCoy,* 748 S.W.2d 809, 811[4] (Mo.App. 1988).

We find *Hillis* distinguishable. Parole eligibility constitutes part of the punishment of the crime and minimum prison terms clearly operate as a disadvantage to the defendant by increasing his or her time in prison. *Hillis,* 748 S.W.2d at 697–98[12]. The persistent misdemeanor amendment to § 558.016 does not operate as an increase in Defendant's prison term. It merely removes sentencing from the jury and gives it to the judge. The judge is still bound by the terms of imprisonment authorized in § 558.011.

In *Heistand v. State,* 740 S.W.2d 282 (Mo.App.1987), the court found the retrospective application of §§ 557.036 and 558.-016.2, RSMo 1986, to sentence the defendant as a prior offender was not *ex post facto.* *Id.* at 287–88[4]. The court reasoned the statutes did not increase punishment, but rather, merely allowed the judge, not the jury, to assess the punishment. *Id.* It was merely a procedural change. *Id.; See also, State v. Griffin,* 339 S.W.2d 803, 806–07[8, 9] (Mo.1960) (change from jury sentencing to judge sentencing in § 556.-280, RSMo 1949, procedural in nature and constitutional); and *State v. Morton,* 338 S.W.2d 858, 863[7, 8] (Mo.1960) (§ 556.280, RSMo 1949, was procedural and not an *ex post facto*).

Furthermore, our courts have repeatedly held there is no constitutional right to jury sentencing. *See, State v. Cline,* 808 S.W.2d 822, 826[6] (Mo. banc 1991); and *State v. Griffin,* 756 S.W.2d 475, 487[15] (Mo. banc 1988). Point denied.

For Point II, Defendant challenges the denial of his Rule 29.15 motion after an evidentiary hearing. He asserts he was denied effective assistance of counsel when

his attorney failed to obtain photographs of his injuries sustained in the altercation with Darrell Schaumann.

Our review is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(j). Defendant has the burden of proving his allegations by a preponderance of the evidence. Rule 29.15(h).

To prevail on his claim of ineffectiveness, Defendant must show (1) his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney; and (2) he was prejudiced by said deficiencies. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Thrasher v. State*, 760 S.W.2d 462, 464[3, 4] (Mo.App.1988). Defendant asserts the public defender first appointed for him took pictures of wounds to his chest sustained in the altercation with Darrell Schaumann. He contends these photographs depicted a knife wound to his chest and would have supported his theory of self-defense. After these photographs were taken, Defendant arranged for his own attorney to represent him. He then states he told his attorney about the photographs. However, at trial, said photographs were not admitted into evidence. Defendant stated his attorney told him that he was unable to obtain any photographs, because the public defender told him none were taken. Counsel does have a "duty to make a reasonable investigation of possible mitigating evidence or to make a reasonable decision that such an investigation is unnecessary." *State v. Six*, 805 S.W.2d 159, 172[27] (Mo. banc 1991). However, Defendant's own statements indicate counsel did satisfy that duty by calling the public defender to obtain the photographs and being told none existed. Point denied.

Defendant finally argues the trial court plainly erred in submitting Instruction No. 4, patterned after MAI–CR3d 302.04. He asserts it is unconstitutional because it defines "reasonable doubt" as "firmly convinced." We deny this point pursuant to

*State v. Griffin*, 818 S.W.2d 278, 282[7] (Mo. banc 1991).

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.