**STATE of Missouri, Appellant,**

v.

**Marvin D. CHANDLER, Respondent.**

No. 67433.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 24, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for appellant.

Leland C. Smith, II, St. Charles, for respondent.

WHITE, Judge.

A jury convicted Marvin D. Chandler of driving while intoxicated, § 577.010 RSMo 1994, and failing to drive within a single lane, § 304.015 RSMo 1994. The State appeals the trial court's judgment granting Chandler's motion for new trial. We reverse and remand.

Chandler was charged by amended information with the misdemeanors of driving while intoxicated and failing to drive within a single lane. The State alleged these acts occurred on May 25, 1990. The State also alleged Chandler was a prior offender. Before trial, the court found Chandler to be a prior defender under § 558.016. The court determined it would sentence Chandler if the jury found him guilty. The trial commenced on October 5, 1994 and the jury found Chandler guilty of both misdemeanors.

Chandler filed a motion for new trial arguing the trial court erred by failing to permit the jury to sentence him because § 558.016 RSMo 1986 permits sentencing by the court for class B, C, or D felony convictions but not misdemeanor convictions. The legislature had amended § 558.016 with an effective date of August 28, 1990.[1] In response to Chandler's motion, the State argued § 558.016, as amended, permits the court to sentence Chandler if found guilty of an "offense."[2] The trial court granted Chandler's motion. In its judgment, the court stated it erred by failing to permit the jury to be instructed on the ranges of punishment because the prior offender statute could not be used in misdemeanor cases.[3] This appeal followed.

---

1. Section 558.016.1 RSMo 1986 provided "[t]he court may sentence a person who has pleaded guilty to or has been found guilty of a *class B, C, or D felony* ...." (emphasis added). After the legislature's 1990 amendment this section provides "[t]he court may sentence a person who has pleaded guilty to or has been found guilty of an *offense* ...." (emphasis added).

2. Offense is defined as any felony, misdemeanor, or infraction. § 556.061.(19) RSMo 1994.

3. In 1990, the legislature also substituted the word "offense" for "class B, C or D felony" in subdivisions 1 and 2 of § 557.036.

The dispositive issue does not involve interpretation of an ambiguous statute, but rather which version of § 558.016 should apply, the 1986 version in effect at the time the crimes were committed or the amended 1990 version in effect at the time of trial. If the amended version of § 558.016 is applicable then the trial court could sentence Chandler because he was found guilty of two offenses, as this term is statutorily defined.

The State argues the trial court erred by granting Chandler's motion for new trial on the basis it could not sentence defendant under the prior offender statute. The State also argues application of the amended version of § 558.016 is not *ex post facto* as applied to defendant. We agree.

This court has considered whether the retrospective application of § 558.016 is *ex post facto* under facts similar to those presented in this case. *State v. Pitts,* 852 S.W.2d 405 (Mo.App.E.D.1993); *State v. Miller,* 851 S.W.2d 715 (Mo.App.E.D.1993). In both *Pitts* and *Miller,* the 1990 amendment of § 558.016 became effective after the defendants committed the crimes but prior to trial. The defendants in both cases argued the application of the amended version of § 558.016 was an *ex post facto* law. *Pitts,* 852 S.W.2d at 406; *Miller,* 851 S.W.2d at 716.

This court held to establish an *ex post facto* violation the law must be retrospective and it must disadvantage the defendant. *Pitts,* 852 S.W.2d at 406; *Miller,* 851 S.W.2d at 717. The application of the amendment of § 558.016 was retrospective to both defendants. However, the defendants were not disadvantaged by this retrospective application of § 558.016. *Id.* This court stated:

A law will disadvantage Defendant if it: (1) declares acts to be criminal which were not criminal when committed; (2) aggravates a crime, or makes it greater than it was; (3) increases punishment of crime; or (4) alters the rules of evidence to allow less or different testimony. *Collins v. Youngblood,* 497 U.S. 37, [42–43] 110 S.Ct. 2715, 2719[2], 111 L.Ed.2d 30 (1990); and *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987). Further, "no *ex post facto* violation occurs if the change in the law is merely procedural and does 'not increase the punishment, nor change the ingredients of the offense or the ultimate facts necessary to establish guilt.'" *Miller,* 482 U.S. at 433, 107 S.Ct. at 2452–53[4], *quoting Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884).

\*      \*      \*      \*      \*   .  \*

In *Heistand v. State,* 740 S.W.2d 282 (Mo.App.1987), the court found the retrospective application of §§ 557.036 and 558.016.2, RSMo 1986, to sentence the defendant as a prior offender was not *ex post facto.* *Id.* at 287–88[4]. The court reasoned the statutes did not increase punishment, but rather, merely allowed the judge, not the jury, to assess the punishment. *Id.* It was merely a procedural change. *Id.; See also, State v. Griffin,* 339 S.W.2d 803, 806–07[8, 9] (Mo.1960) (change from jury sentencing to judge sentencing in § 556.280, RSMo 1949, procedural in nature and constitutional); and *State v. Morton,* 338 S.W.2d 858, 863[7, 8] (Mo. 1960) (§ 556.280, RSMo 1949, was procedural and not *ex post facto* ).

*Pitts,* 852 S.W.2d at 406–07; *Miller,* 851 S.W.2d at 717. This court also stated the persistent misdemeanor amendment to § 558.016 does not operate as an increase in a defendant's prison term but merely removes sentencing from the jury and gives it to the judge. *Pitts,* 852 S.W.2d at 407; *Miller,* 851 S.W.2d at 717. This court also recognized our courts have repeatedly held there is no constitutional right to jury sentencing. In both cases, the defendants arguments were rejected. *Id.*

The analysis in *Pitts* and *Miller* is applicable in the present case. The amended portion of § 558.016 became effective after Chandler committed the misdemeanors but prior to trial. Sentencing by the trial court rather than the jury is procedural in nature and application of § 558.016, as amended, to defendant was not *ex post facto.* The trial court found Chandler was a prior offender and pursuant to § 558.016, as amended, the trial court could sentence him for the two misdemeanor convictions. The trial court

erred in granting Chandler's motion for new trial on the basis it could not sentence him because the prior offender statute could not be used in misdemeanor cases.

The judgment of the trial court is reversed and the case remanded for sentencing by the court.

REINHARD, P.J., and KAROHL, J., concur.

